IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARTIN GLEN BRIDGES, #1603573,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:16-CV-1054-L-BK |
| | § | |
| **DIRECTOR TDCJ-CID, et al.,** | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. Petitioner, a *pro se* state prisoner, filed his *Federal Rule Civil Procedure 60 Motion* with *Paupers Affidavit* on April 19, 2016, initiating this civil action.[1] For the reasons that follow, it is recommended that the Rule 60(b) motion, construed as a successive habeas application, be dismissed without prejudice for lack of jurisdiction.

**I. BACKGROUND**

In 2010, Petitioner was convicted of driving while intoxicated (enhanced by four prior convictions) and unauthorized use of a motor vehicle, and was sentenced to 60 and two years' imprisonment, respectively, to be served concurrently. *State v. Bridges*, No. 27656CC2 (Co. Ct at Law No. 2, Kaufman County, 2010), *aff'd*, No. 05-10-00956-CR, 2011 WL 5557534 (Tex. App.—Dallas 2011, pet. ref'd). The Texas Court of Criminal Appeals denied state habeas relief. *Ex Parte Bridges*, No. 80,229-01 (Tex. Crim. App. 2013). Petitioner subsequently filed his first federal petition, challenging the failure to prove loss of mental faculties, the exclusion of impeachment evidence, the denial of the right to confront witnesses and to a fair trial, the failure

---

[1]Because the motion did not refer to Petitioner's prior federal habeas petitions, a new case was opened.

to give *Miranda* warnings, the denial of effective assistance of counsel on appeal, and the sufficiency of the evidence. *Bridges v. Stephens*, No. 3:14-CV-0713-B-BK (N.D. Tex.), Civ. Doc. 3. However, because all of the claims were procedurally barred, the Court denied habeas relief. *Bridges v. Stephens*, No. 3:14-CV-0713-B-BK, 2015 WL 1401666 (N.D. Tex. Mar. 24, 2015).

Although Petitioner did not appeal, he subsequently moved for authorization to file a successive petition in the United States Court of Appeals for the Fifth Circuit, challenging his sentence for driving while intoxicated and arguing that counsel was ineffective for allowing him to be sentenced as an habitual offender, that the state's failure to prove his predicate offenses divested the trial court of jurisdiction, and that the indictment failed to vest the trial court or jury with jurisdiction to sentence him as an habitual offender. *Ex parte Bridges*, No. 15-11161 (5th Cir. filed Nov. 17, 2015). Shortly thereafter, Petitioner submitted a second federal petition, alleging the same grounds raised in his authorization to file that was still pending before the Fifth Circuit, and the magistrate judge recommended that the second petition be transferred to the Fifth Circuit Court of Appeals. *Bridges v. Stephens*, No. 3:15-CV-3830-L-BN (N.D. Tex. filed 2015), ECF Doc. 3; ECF Doc. 5. Petitioner objected to the recommendation, which is still pending review by the district judge. However, the Court of Appeals has since denied Petitioner's motion for leave to file a successive application, concluding that he did not make the requisite showing under section 2244(b)(2) because he failed to identify any new facts or a new rule of constitutional law. *Ex parte Bridges*, No. 15-11161 (5th Cir. Mar. 16, 2016).

In the motion *sub judice*, Petitioner seeks permission of this Court to file a new habeas petition that essentially raises the same grounds as Case No. 3:15-CV-3830-L-BN, but without

2

first seeking permission to file a successive application from the Fifth Circuit Court of Appeals. Doc. 3 at 1-2.  The motion is somewhat difficult to decipher and the Court has liberally construed it in light of Petitioner's *pro se* status.  Petitioner asserts fraud was "perpetuated by the state upon federal court" when it found Petitioner guilty of an unauthorized felony and illegally enhanced his sentence.  Doc. 3 at 3.  Petitioner challenges the indictment as fundamentally defective, claiming the habitual offender statute cannot be used to enhance a state jail felony. Doc. 3 at 6.  He also alleges ineffective assistance of counsel, arguing that trial counsel failed to investigate the charges in the indictment and to move for a mistrial, and that appellate counsel allowed the fraud orchestrated by the state to go unchallenged.  Doc. 3 at 9.

## II. ANALYSIS

A Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" based on certain enumerated grounds, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud by an opposing party, void judgment, release and satisfaction, or "any other reason that justifies relief."  FED. R. CIV. P. 60(b)(1)-(6). However, to avoid conflict between the strict limitations on second-or-successive habeas petitions and the more lenient provisions of Rule 60(b) governing motions for relief from final judgments, the court must first examine whether a Rule 60(b) motion is, in fact, a second or successive habeas petition.  *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 531-532 (2005).

A district court may only entertain a Rule 60(b) motion in a habeas proceeding under very narrow circumstances.  A true Rule 60(b) motion is one that either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided

3

that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. *Gonzalez*, 545 U.S. 531-532 & n. 4 and 5; *see also Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011) ("where a habeas petitioner 'merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as . . . statute of-limitations bar,' Rule 60(b) empowers a federal court to hear the petitioner's challenge."); *Balentine v. Thaler,* 626 F.3d 842, 847 (5th Cir. 2010) ("To open the Rule 60(b) door . . . there must be a showing of a non-merits-based defect in the district court's earlier decision on the federal habeas petition.").

  Here, the grounds for relief alleged by Petitioner do not qualify for consideration under Rule 60(b).  Petitioner does not challenge the Court's determination that his original federal petition was procedurally barred.  *See Adams v. Thaler,* 679 F.3d 312, 319 (5th Cir. 2012) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 n. 4 (2005)) (Rule 60(b) motion directed to a procedural ruling that bars consideration of the merits, such as a exhaustion, procedural default, or statute of limitations, is not considered a "successive" petition and is properly considered by the district court)).  Rather, he presents new grounds for habeas relief.  *See Gonzalez*, 545 U.S. at 530-532 (a Rule 60(b) motion impermissibly advances a "claim" when it "add[s] a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits").  Consequently, even when liberally construed, Petitioner's Rule 60(b) motion is the equivalent of a second or successive application, which the Court lacks jurisdiction to review unless Petitioner first seeks leave to file from the United States Court of Appeals for the Fifth Circuit.  *See id.* (a Rule 60(b) motion raising substantive claims challenging a state court conviction should be construed as a successive application); 28 U.S.C. § 2244(b)(3)(A) and (B) (before a petitioner may file a second

4

or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Rule 60(b) motion, construed as a successive application, be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because Petitioner has not obtained authorization to file a successive habeas petition from the United States Court of Appeals for the Fifth Circuit.  See 28 U.S.C. § 2244(b)(3).

SIGNED April 27, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE